UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KAPPES, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>　　　　Defendant. | No. 2:18-cv-0002 JAM DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

On June 24, 2019, the undersigned issued findings and recommendations finding that plaintiff had failed to file a motion for summary judgment and recommending that this action be dismissed due to plaintiff's failure to prosecute. (ECF No. 16.) However, on July 22, 2019 plaintiff filed a motion for summary judgment. (ECF No. 19.) Defendant filed a cross-motion for summary judgment on August 21, 2019. (ECF No. 20.) Accordingly, the June 24, 2019 findings and recommendations will be vacated.

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

1

Moreover, the motions for summary judgment have been submitted to the undersigned without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment pursuant to Local Rule 302(c)(15). For the reasons explained below, the undersigned recommends that plaintiff's motion be denied, the decision of the Commissioner of Social Security ("Commissioner") be affirmed, and this matter be closed.

## PROCEDURAL BACKGROUND

On January 13, 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on September 2, 2008. (Transcript ("Tr.") at 20, 145.) Plaintiff's application was denied initially, (id. at 90-94), and upon reconsideration. (Id. at 96-101.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on November 24, 2015. (Id. at 32-60.) Plaintiff was not represented by an attorney and testified at the administrative hearing. (Id. at 35-37.)

In a decision issued on February 11, 2016, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 2, 2008 through his date last insured of December 31, 2013 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairment: seizure disorder (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he was able to frequently climb ramps, stairs, ladders, ropes, and scaffolds, stoop, kneel, crouch and crawl and was to avoid even moderate exposure to hazardous heights and machinery.

> 6. Through the date last insured, the claimant was capable of performing past relevant work as an insurance agent. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 2, 2008, the alleged onset date, through December 31, 2013, the date last insured (20 CFR 404.1520(f)).

(Id. at 22-29.)

On July 19, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's February 11, 2016 decision. (Id. at 4-6.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 2, 2018. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's July 22, 2019 motion for summary judgment asserts that the ALJ's "decision is wrong in not allowing SSI benefits[.]" (Pl.'s MSJ (ECF No. 19) at 1.) Specifically, plaintiff argues that plaintiff's "seizures first occurred in 1979," but plaintiff "was able to work for [plaintiff's] Father's business and associates of his who were aware of my condition and hired me knowing of my condition." (Id.) Nonetheless, the seizures "subsided from about 1998 until" August 25, 2011, "after being seizure-free for about 13 years." (Id.)

Plaintiff argues that since that time plaintiff has "suffered from many additional seizures and severe loss of memory." (Id.) That plaintiff's "seizures are still not under control." (Id.) That plaintiff is "unable to drive" and does not "feel comfortable in public places due to the risk of having a seizure[.]" (Id.) And that the ALJ's assertion that plaintiff's first neurological appointment occurred on February 7, 2014, was incorrect as "Dr. Wong" has treated plaintiff for seizures "since the first week in February of 2011 following [plaintiff's] seizure onset." (Id. at 1-2.)

////

4

1 | The undersigned is cognizant of the difficulties faced by pro se litigants. Nonetheless,
2 | plaintiff fails to cite to any evidence establishing that the ALJ's decision is not based on
3 | substantial evidence or is based on a legal error. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th
4 | Cir. 2012) (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)) ("[T]he burden of showing
5 | that an error is harmful normally falls upon the party attacking the agency's determination.").

6 | Moreover, a review of the ALJ's decision finds that it is based on substantial evidence and
7 | free of legal error. In this regard, the ALJ's decision acknowledges that plaintiff "reported a
8 | history of seizures since 1978 . . . which have been well controlled over the years with
9 | medication" until 2011, when plaintiff suffered two seizures after being "weaned off
10 | medication[.]" (Tr. at 25.) Plaintiff "was then restarted on his previous medication" and "was
11 | noted to be stable as of October 2013." (Id.)

12 | The ALJ's findings are supported by the evidence of record. Specifically, an August 25,
13 | 2011 Emergency Department Record notes that plaintiff was treated for a "grand mal seizure"
14 | after being "weaned of off Tegretol 3 months ago," and "has not had a seizure in 10 years[.]" (Id.
15 | at 524.) Plaintiff was found to have "no neurological deficit and his exam [was] normal." (Id. at
16 | 527.) Plaintiff was started back on Tegretol. (Id.) On December 6, 2011, plaintiff was seen in
17 | Pulmonary and Critical Care by a doctor who found that "no tests of symptoms indicate that he
18 | needs to be on disability." (Id. at 570.) An October 18, 2013 progress note reflects that
19 | plaintiff's epilepsy was "stable." (Id. at 595.)

20 | Moreover, plaintiff testified that although plaintiff experienced a "reoccurrence of the
21 | seizure condition" in 2011, plaintiff stopped working in 2008 after being "laid off . . . at the onset
22 | of the economic downturn[.]" (Id. at 46.) An ALJ may consider evidence that the plaintiff's
23 | employment ceased for reasons other than impairment when evaluating credibility. See Bruton v.
24 | Massanari, 268 F.3d 824, 828 (9th Cir. 2001)). The ALJ's decision also relied on the fact that
25 | "the record is lacking treatment evidence as to seizures from 2011-2013 except for one note
26 | where medication was prescribed." (Id. at 26.) And that plaintiff offered "no opinion
27 | evidence[.]" (Id.)
28 | ////

5

As noted above, "[t]he claimant bears the burden of proving steps one through four, consistent with the general rule that '[a]t all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits.'" Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007) (quoting Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998)). Here, plaintiff has failed to satisfy this burden and review of the ALJ's decision finds that it is based on substantial evidence and free of legal error.

**CONCLUSION**

The undersigned finds that plaintiff is not entitled to summary judgment with respect to any claim of error.

Accordingly, IT IS HEREBY ORDERED that the June 24, 2019 findings and recommendations (ECF No. 16) are vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 22, 2019 motion for summary judgment (ECF No. 19) be denied

2. Defendant's August 21, 2019 cross-motion for summary judgment (ECF No. 20) be granted;

3. The decision of the Commissioner of Social Security be affirmed; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections.

////
////
////
////
////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\kappes0002.f&rs